# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EMZILE LEE WILBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV706 JCH |
| | ) |
| MATTHEW WEISS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are two documents entitled "supplemental complaint" filed by plaintiff. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will review plaintiff's "supplemental complaints."

Plaintiff brings this action alleging that he is being deprived of "kosher" meals and the freedom to engage in other practices related to his religion (identified as African Hebrew Israelites or Black Hebrew Israelites). On May 7, 2007, the Court allowed plaintiff to pursue his claims against some of the named defendants, but dismissed his claims, as frivolous, against Lutheran Ministries and the City of St. Louis.

In the first "supplemental complaint," filed on October 12, 2007, plaintiff is complaining about an "unwelcome" attack on someone plaintiff identifies as a potential witness in this matter, a Mr. John Tillman. To the extent plaintiff is

seeking to add allegations to his complaint on behalf of Mr. Tillman, his attempt will be denied. A litigant may bring his own claims to federal court without counsel, but not the claims of others. See 28 U.S.C. § 1654.

The second "supplemental complaint," filed on October 19, 2007, is really not a supplemental complaint at all, but merely a notice to the Court regarding plaintiff's correspondence with the Missouri Commission on Human Rights, along with two short sentences requesting that the Court order defendants to provide him with a "kosher diet" and allow him access to certain "religious materials," relief he has already requested in his original complaint. Because plaintiff's "supplemental complaint" is not truly a pleading, within the confines of Federal Rule of Civil Procedure 7(a), the Court is not obligated to review the filing pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff cannot supplement his complaint by interlineation, or in a piecemeal fashion. Rather, if he wishes in the future to file an amended complaint, adding additional claims and/or parties, he must do so on a court-provided form and abide by the Federal Rules of Civil Procedure in developing his pleading.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, pleading specific facts and proper jurisdiction. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell

v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances").

Furthermore, to the extent plaintiff wishes to amend his complaint, he is reminded that any document he files as an amended complaint will supersede his original complaint and will be the only complaint this Court reviews. Each amended complaint is subject to an initial review under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that to the extent plaintiff is attempting to plead allegations on behalf of another prisoner, a Mr. John Tillman, these allegations [Doc. #23] are **DISMISSED**. An Order of Partial Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff shall not be allowed to amend his complaint by interlineation. If he wishes in the future to file an amended complaint, adding additional claims and/or parties, he must do so on a court-

provided form and abide by the Federal Rules of Civil Procedure in formulating his pleading.

Dated this 3rd Day of December, 2007.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE